UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TYQUAN STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:17-CV-025 WCL |
| v. | ) |
| | ) |
| A UNKNOWN PERSON AND WESTVILLE STATE PRISON | ) ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Tyquan Stewart, *pro se* filed a complaint pursuant to 28 U.S.C. § 1983 [DE 1] along with a petition to proceed *in forma pauperis.* [DE 2]. Ordinarily, a plaintiff must pay a statutory filing fee of $400 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Petitioner states that he is unemployed, and has seven minor dependents. He received approximately $7,000 from Ivy Tech

College which he utilized to support his dependents. Based on this income information, it appears that he is financially eligible for *in forma pauperis* status.

The inquiry does not end there, however. District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

 "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that

2

defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

First, Mr. Stewart alleges that he was incarcerated at Westville Prison from February, 2015 to September, 2015 and that his Eighth Amendment rights were violated at various points during his incarceration because the prison was unsanitary, without safe water and he ate a roach. [DE 1, at 2]

> Westville Prison is full of cockroaches. Their [sic] in the kitchen making it very unsanitary and its proven that cockroaches carry hep A. Because unknown person did not keep prison clean and sanitary I was expose [sic] to hepatitius and had to go without bathing. The cockroach was in my oatmeal and I consumed it.

*Id.* Mr. Stewart argues that the above conditions risked his health and he seeks damages of a trillion dollars.

"To state a claim premised on prison officials' failure to protect him from harm, [the plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). "An objectively sufficiently serious risk, is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Id.* (quotation marks and citations omitted). The allegations above do not reach this level of risk. With respect to the allegation that he consumed a cockroach in his oatmeal, this "is the type of risk many encounter voluntarily," *id.*, when they eat in cafeterias in schools, hospitals, museums, and elsewhere. Indeed, this is a risk that we all take when we consume industrially produced food. Though regrettable, such food is always at risk of contamination because it is produced "in less-than-perfect . . .conditions." *Id.*

Further, the allegation that he was unable to bathe for three days due to unsafe water conditions inside the prison fails to qualify as an excessive risk to his health and safety. The Eighth

3

Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer* [*v. Brennan*, 511 U.S. 825, 834 (1994)] (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson* [*v. Duckworth*,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). Here, the allegations simply do not reach the level of severity necessary to state an Eighth Amendment claim. Accordingly, his Complaint will be DISMISSED.

## **CONCLUSION**

Based on the foregoing, the Petition to Proceed *In Forma Pauperis* is DENIED and the Complaint is DISMISSED for failure state a claim for relief.

SO ORDERED.

ENTERED: April 10, 2017

                                             s/ William C. Lee
                                             William C. Lee, Judge
                                             United States District Court